UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAWN D. CUSHENBERRY

VERSUS

UNITED STATES AUTOMOBILE
ASSOCIATION AND
MICHELLE A. JOHNSON

CIVIL ACTION

NO. 12-160-BAJ-SCR

## ORDER

This matter is before the Court on a motion by defendant, United States of America, to dismiss all claims asserted against the United States (doc. 5). No opposition has been filed. Jurisdiction is alleged under 28 U.S.C. §1331 and the matter is now submitted.

Plaintiff filed this matter in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, seeking damages alleged to have arisen out of an automobile accident resulting from the negligence of another driver, Michelle A. Johnson. The matter was removed on March 19, 2012, upon the United States Attorney for the Middle District of Louisiana certifying that Michelle A. Johnson was, at the time of the incident, an employee of the government acting within the scope of her employment as defined under 28 U.S. C § 2671 (doc. 1). Specifically, the U.S. Attorney certified that Michelle A. Johnson "was acting in her line of duties with the Louisiana Air National Guard while engaged in training or duty under Title 32, United States Code 502 at the time of the alleged vehicular accident" (doc. 1-1, p. 1).

On March 23, 2012, the United States of America moved to be substituted in the place and stead of Michelle Johnson in this matter pursuant to 28 U.S.C. § 2679(d)(2) (doc. 2). No opposition to the motion was filed and the motion was granted on April 24, 2012, and Michelle A. Johnson was dismissed as a defendant (doc. 4).

In support of the present motion, the government argues that this Court lacks jurisdiction over the claim asserted against the United States because the plaintiff, Rawn D. Cushenberry, failed to file an administrative claim with the appropriate federal agency prior to commencing this action. The government has also submitted the Declaration of Colonel Ferah Ozbek, in which the declarant notes that only one administrative claim was filed with the Air Force relating to the accident at issue, and that claim was filed on September 1, 2010 (doc. 5-2). The record of this matter demonstrates that the original petition was filed in August of 2009 (doc. 1-2, p. 4), over a year prior to the date of the administrative complaint.

A complaint must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule

12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) *cert. denied*, 130 S.Ct. 1054, 175 L.Ed.2d 883 (2009); see also, *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) *cert. denied*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2001) (stating that a court ruling on a 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

"Inadequately briefed issues are deemed abandoned." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citing, *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) (citing, *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991); *Harris v. Plastics Mfg, Co.*, 617 F.2d 438, 440 (5th Cir. 1980)); see also, e.g., *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (stating that a party which "neither briefed nor argued" an issue had abandoned it); *Indiana Elec. Workers'*

*Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 543 (5th Cir. 2008) (stating that "[w]e deem the un-briefed claims to be abandoned"); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (stating that "[a]ll issues not briefed are waived").

As the government notes in support of the motion:

> The filing of an administrative claim is a jurisdictional prerequisite to filing suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a)6; *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-223 (5th Cir. 1989); *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980). The failure to file an administrative claim before filing suit on the claim deprives the court of subject matter jurisdiction to consider the claim. *McAfee*, 884 F.2d at 222-223. This jurisdictional defect cannot be cured by the filing of an administrative claim by a plaintiff after the commencement of suit. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

(Doc. 5-1, pp. 2-3)

As is noted *supra,* the plaintiff bears the burden of establishing jurisdiction. The undisputed evidence in the record indicates that the plaintiff filed this matter without first filing an administrative claim as is required for this Court to exercise jurisdiction. Accordingly, the plaintiff has failed to carry his burden of establishing jurisdiction over the claim asserted against the United States.

## CONCLUSION

Accordingly, the Motion to Dismiss Claim against the United States (doc. 5) is **GRANTED**, and **IT IS ORDERED** that the claim asserted against the United States of America in this matter is hereby **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

Baton Rouge, Louisiana, June __8__, 2012.

                                            BRIAN A. JACKSON
                                            UNITED STATES DISTRICT JUDGE
                                            MIDDLE DISTRICT OF LOUISIANA